IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO DE JESUS MUÑOZ-GONZALEZ,

    Movant,

vs.                                                                                         No. CV 19-00535 JCH/KK
                                                                                   No. CR 16-00843 JCH

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Antonio De Jesus Muñoz-Gonzalez's Motion to Vacate, Set Aside, or Correct Criminal Conviction and Sentence Pursuant to 28 U.S.C. § 2255.  (CV Doc. 1, 8; CR Doc. 86, 89.)  It appears on the face of the Motion and the record in No. CR 16-00843 JCH that the Motion was not filed within one year as required by 28 U.S.C. § 2255(f).  Therefore, the Court will order Mr. Muñoz-Gonzalez to show cause why the Motion should not be dismissed as untimely.

Section 2255(f) states that

[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> The Tenth Circuit has held that,

> [i]n the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires. *If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.*

*United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (emphasis added) (citation omitted); *United States v. Terrones-Lopez*, 447 F. App'x 882, 884 (10th Cir. 2011). The unsuccessful filing of an untimely appeal "do[es] not toll the statute of limitations." *United States v. Smith*, 215 F.3d 1338, 2000 WL 639488, at *1 (10th Cir. May 18, 2000) (unpublished); *see also Terrones-Lopez*, 447 F. App'x at 883–85 (holding that "[n]o reasonable jurist could debate that [defendant's Section 2255] motion was untimely," where the time for direct appeal expired in October 2007, defendant filed untimely notices of appeal in December 2008 and January 2011, and defendant filed Section 2255 motion in March 2011).

Mr. Muñoz-Gonzalez was sentenced and a judgment was entered against him on June 15, 2017. (CR Docs. 71, 72.) As such, the time for him to file a direct appeal expired on June 29, 2017. Fed. R. App. P. 4(b)(1)(A)(i). However, Mr. Muñoz-Gonzalez did not file a Notice of Appeal until March 4, 2019, more than twenty months after entry of the judgment of conviction against him. (CR Doc. 73.) The Tenth Circuit dismissed his appeal as "inordinately late" on March 6, 2019. (CR Doc. 76-1.)

Mr. Muñoz-Gonzalez then filed his Section 2255 Motion on June 10, 2019, over twenty-three months after his judgment of conviction became final.[1] (CV Doc. 1; CR Doc. 86.)  Thus, it appears on the face of Mr. Muñoz-Gonzalez's Motion that his filing is untimely. *See* 28 U.S.C. § 2255(f); *Prows*, 448 F.3d at 1227–28; (CV Doc. 1; CR Doc. 86.)  Further, his untimely appeal to the Tenth Circuit did not toll the running of the Section 2255 statute of limitations.  *Terrones-Lopez*, 447 Fed. App'x. at 883-85; *Smith*, 215 F.3d 1338, 2000 WL 639488 at *1.

Unless Mr. Muñoz-Gonzalez can show a basis for the one-year limitation period to run from a date other than the date his conviction became final or for tolling the limitation period, his Motion is untimely under 28 U.S.C. § 2255(f).  As such, the Court will order Mr. Muñoz-Gonzalez to show cause in writing why his Motion should not be dismissed as untimely.  In his response to this Order to Show Cause, Mr. Muñoz-Gonzalez shall identify any basis he has for claiming that his Motion is timely under Section 2255(f), including any basis for equitable tolling, and shall set out the facts supporting such basis.  In this regard, the Court notes that, to be entitled to equitable tolling, a movant must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).  If Mr. Muñoz-Gonzalez fails to show cause within thirty days, the Court may dismiss his Motion as untimely without further notice.

IT IS THEREFORE ORDERED that Movant Antonio De Jesus Muñoz-Gonzalez shall, within thirty (30) days of entry of this Order, show cause why his Motion to Vacate, Set Aside, or

---

[1] Muñoz-Gonzalez also filed a letter motion for freedom and justice on March 20, 2019.  (CR Doc. 77.)  To the extent his letter motion could be construed as a Section 2255 motion, it would still be untimely because it was not filed until over twenty months after his judgment of conviction became final.

Correct Criminal Conviction and Sentence Pursuant to 28 U.S.C. § 2255 should not be dismissed as untimely under 28 U.S.C. § 2255(f).

_____
UNITED STATES MAGISTRATE JUDGE