# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTONIO DE JESUS MUÑOZ-GONZALEZ,

    Movant,

vs.                                                     No. CV 19-00535 JCH/KK
                                                          No. CR 16-00843 JCH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Antonio de Jesus Muñoz-Gonzalez's Motion to Vacate, Set Aside, or Correct Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255. (CV Doc. 1, 8; CR Doc. 77, 86, 89) ("Motion"). Movant's § 2255 Motion was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, the Court will dismiss the Motion as untimely.

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases

1

>  on collateral review; or
>  (4) the date on which the facts supporting the claim or claims
>  presented could have been discovered through the exercise of
>  due diligence.

Muñoz-Gonzalez was sentenced and judgment was entered on June 15, 2017. (CR Doc. 69, 70). Muñoz-Gonzalez did file a Notice of Appeal. However, the Notice was not filed until March 4, 2019, twenty months after entry of the Judgment on his conviction and sentence. (CR Doc. 73). The Tenth Circuit dismissed the appeal as untimely on March 6, 2019. (CR Doc. 76-1). Muñoz-Gonzalez submitted a series of letters, including a letter Motion for Freedom and Justice, following the Tenth Circuit's dismissal. (CR Doc. 77, 82, 84, 85). On May 1, 2019, the Court notified Muñoz-Gonzalez that it intended to construe his filings as a first § 2255 motion and granted him the opportunity to withdraw or amend his filings. (CR Doc. 83).

On June 10, 2019, Muñoz-Gonzalez then filed his Motion Letter for Immediate Release. (CV Doc. 1; CR Doc. 86). The Court docketed his Motion Letter as a § 2255 motion. Muñoz-Gonzalez's § 2255 Motion was not filed until June 10, 2019 (CV Doc. 1, CR Doc. 86), more than one year after the Judgment on his conviction and sentence became final. (CV Doc. 1; CR Doc. 86). On the face of Muñoz-Gonzalez's Motion, his filing is untimely for purposes of 28 U.S.C. § 2255(f)(1). *See* CV Doc. 1, 8 at 1; CR Doc. 86, 88 at 1; *Clay v. United States*, 537 U.S. 522, 524 (2003).

Muñoz-Gonzalez's Motion under 28 U.S.C. §§ 2255 was not filed until 2019, more than one year after the Judgment became final.[1] His untimely appeal to the Tenth Circuit did not serve to toll the running of the §2255 statute of limitations. *United States v. Terrones-Lopez*, 447 Fed.

---

[1] Muñoz-Gonzalez also filed a letter motion for freedom and justice (CR Doc. 77). To the extent his letter motion can be construed as a § 2255 motion, it would still be untimely because it was not filed until March 20, 2019, almost two years after his Judgment became final.

App'x. 882, 884-85 (10th Cir. 2011); *United States v. Smith*, 215 F.3d 1338 (10th Cir. 2000). Unless there is a basis for tolling of the time, Muñoz-Gonzalez's motion is untimely under 28 U.S.C. § 2255(f).

The one-year statute of limitations is subject to equitable tolling. To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). On June 19, 2020, the Court entered an Order to Show Cause, directing Movant Muñoz-Gonzalez to show cause why his Motion should not be dismissed as untimely. (CV Doc. 9; CR Doc. 90). The Order specifically directed Muñoz-Gonzalez to identify any grounds he might have for equitable tolling of the statute of limitations. (CV Doc. 9 at 2-3; CR Doc. 90 at 2-3). Muñoz-Gonzalez did not respond to the Court's Order to Show Cause.[2]

None of Muñoz-Gonzalez's filings address why he waited twenty months to file his Notice of Appeal and two years to file his letter motions challenging his conviction and sentence. Nor has he responded to the Court's Order to Show Cause why the case should not be dismissed as time-barred. Muñoz-Gonzalez has not demonstrated that he has been pursing his rights diligently or that some extraordinary circumstance beyond his control prevented timely filing. *Lawrence v. Florida,* 549 U.S. at 336. Therefore, Movant Muñoz-Gonzalez has failed to establish any basis

---

[2] The record reflects that the Court's Order to Show Cause was returned as undeliverable. (CV Doc. 10). Bureau of Prison's records state that Muñoz-Gonzalez has been released from BOP custody. He has not provided the Court with a current address or communicated with the Court since December 2019. If he has been released from BOP custody, then his requests for § 2255 relief would also be subject to dismissal for failure to meet the in-custody requirement of 28 U.S.C. § 2255(a).

for equitable tolling and his § 2255 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2255.  *Clay v. United States*, 537 U.S. at 524; *Yang. v. Archuleta,* 525 F.3d at 928.

**IT IS ORDERED** that the Letter Motion for Order for Freedom and Justice (CR Doc. 77), Motion Letter for Immediate Release (CV Doc. 1; CR Doc. 86), and amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 8; CR Doc. 89) filed by Movant Antonio de Jesus Muñoz-Gonzalez are **DISMISSED** as barred by the one-year statute of limitations of 28 U.S.C. § 2255(f).

_____
SENIOR UNITED STATES DISTRICT JUDGE